905 So.2d 361 (2005)
Donna F. RIELS
v.
Brian P. RIELS.
No. 2004-CA-0567.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 2005.
*362 Dennis Moore, Wright, Moore & Associates, New Orleans, LA, for Plaintiff/Appellant, Donna F. Reils.
Edith H. Morris, Suzanne Ecuyer Bayle, Bernadette R. Lee, Morris, Lee & Bayle, L.L.C., New Orleans, LA, for Defendant/Appellee, Brian P. Riels.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
This appeal arises from a lengthy child custody dispute between Donna Riels Williams and Brian P. Riels. Mrs. Williams appeals from a January 9, 2004 judgment of the district court that awarded Mr. Riels sole custody of the parties' four minor children as well as child support.

FACTS AND PROCEDURAL HISTORY
The parties were married in 1987. Four children were born of the marriage, including three daughters, La'Brina, Breonna and Ja'Lisa, and one son, Terrance. In January 1998, Mrs. Riels filed a petition for divorce and sought sole custody of the four children. Mr. Riels reconvened and requested sole custody of the three girls. He did not mention Terrance in the petition. Following a trial, the trial court rendered judgment on June 4, 1998, granting the parties a divorce and interim joint custody of the three girls, designating Mrs. Riels as the domiciliary parent and granting liberal visitation to Mr. Riels. The judgment made no mention of Terrance. Shortly after the divorce, Mrs. Riels married Freddie Williams.
In February 2000, Mr. Riels filed a petition for emergency ex parte custody, a petition to disavow paternity of Terrance[1], *363 and a request for a custody evaluation. Following a two-day hearing, the trial court rendered an interim judgment on March 27, 2000, which granted interim custody of the children on an alternating basis with Mrs. Williams having the children from Monday afternoons after school through drop off at school on Thursday mornings and Mr. Riels having the children from Thursday afternoons after school through drop off at school on Monday mornings. The trial court rendered a separate judgment on March 28, 2000, finding that Mr. Riels' action for disavowal of paternity had prescribed.
A final hearing was held on Mr. Riels' petition seeking a change in custody of his daughters. Thereafter the trial court rendered judgment on November 2, 2000, granting the parties joint custody of the three girls, designating Mr. Riels as their domiciliary parent and granting Mrs. Williams visitation rights. In addition, the trial court ordered Mrs. Williams and the three girls to attend therapy with Yvonne Osborne, Ph.D., and ordered her new husband, Mr. Williams, to attend parenting and anger management classes. The November 2, 2000 judgment made no mention of Terrance.
Several months later, on August 24, 2001, Mrs. Williams filed a motion for modification of custody. In response, Mr. Riels filed an exception of no cause of action, citing Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986). He also filed a motion to set visitation with Terrance. In the meantime, the trial court appointed Beverly A. Howze, Ph.D., a licensed clinical psychologist, to conduct an independent custody evaluation and report her findings to the court. Following a complete evaluation, Dr. Howze recommended that Mr. Riels be granted immediate sole custody of the four children with limited supervised visitation to Mrs. Williams. Dr. Howze also recommended that Mr. Williams have no contact with the four children. Based on Dr. Howze's recommendations, Mr. Riels filed an ex parte rule for sole custody of the children in September 6, 2002.
However, after Mrs. Williams failed to appear at a scheduled visitation with her daughters in early December 2002, Mr. Riels sought interim sole custody of the four children, which the trial court granted on December 19, 2002. Later, in October 2003, the trial court suspended Mrs. Williams' regular in home visitation with Terrance after the court learned that Mr. Williams had been shot and Mrs. Williams bound and gagged inside their home during an illegal drug deal.
A trial on the issues of custody and visitation of all four children took place over the course of several months. Eventually, on January 9, 2004, the trial court rendered judgment, awarding sole custody of the four children to Mr. Riels. The trial court granted Mrs. Williams limited daytime visitation with Terrance and ordered that Mr. Williams not be present during those visits. The trial court further ordered Mrs. Williams to enroll in therapy with Dr. James Arey, a licensed professional counselor. The court authorized Dr. Arey to supervise visitation between Mrs. Williams and her three daughters, when, in his opinion, they were ready to be reconciled. As to child support, the trial court ordered Mrs. Williams to pay Mr. Riels $286.00 per month as well as $50.00 each month for past due support until the amount in arrears is satisfied. Mrs. Williams appealed, raising three assignments of error.

DISCUSSION
In her first and second assignments of error, Mrs. Williams argues that the trial court erred in rendering an interim judgment *364 on March 27, 2000, and then a final judgment on November 2, 2000, which changed the domiciliary custody of the children from her to both her and Mr. Riels in the absence of any evidence to support the change.
By its own terms, the March 27, 2000 judgment was an interim judgment that was subject to change until the issuance of the final judgment on November 2, 2000. As such, the March 27, 2000 interim judgment was not a final judgment under La. C.C.P. art. 1841, and only became final when the November 2, 2000 judgment was signed and rendered. Although the record before us does not contain transcripts from the two-day hearing held on February 23 and 25, 2000, and the hearing held on September 21, 2000, both the November 2, 2000 judgment and the trial court's reasons for judgment reflect that the trial court heard testimony from the parties and expert witnesses and considered the law and argument of the parties' counsel in rendering her judgment. Nothing in the record, however, indicates that Mrs. Williams ever appealed the November 2, 2000 judgment. As the thirty-day time period[2] for appealing that judgment has expired, Mrs. Williams cannot now appeal that final judgment. Thus, the first and second assignments of error are without merit.
Mrs. Williams argues in her third assignment of error that the trial court's handling of this custody matter has resulted in a violation of her due process rights. In support of her argument, she points out that the record lacks transcripts and exhibits from several of the hearings. She also contends that the trial court's failure to conduct the hearings expeditiously denied her due process.
As stated above, this matter is an appeal of the January 9, 2004 judgment only. The record before us contains the trial court's judgment and reasons for judgment, the pleadings filed by the parties, the transcripts from the hearings held on November 7, 8 and 25, 2002, February 24, 2003, and March 27, 2003, as well as Dr. Howze's custody evaluation report. Based on our review, nothing appears to be missing from the record. If the record is incomplete, as Mrs. Williams contends, she should have filed a motion to supplement the record, but she did not. Thus, she cannot now claim that the record is so deficient as to adversely affect her due process rights.
Furthermore, we find no merit to Mrs. Williams' claim that the extended duration of the trial on the merits denied her due process. The record indicates that some of the delay in resolving the custody dispute occurred when Mrs. Williams decided to retain new trial counsel during the course of the trial. Additionally, the trial court stated in the reasons for judgment that:
[t]he delay was, in part, due to this Court's efforts to establish some interim visitation between Mr. Riels and his son, and Mrs. Williams and her daughters over the Thanksgiving and Christmas Holidays of 2002. Thus, the trial was suspended after November 25 and not resumed again until February 24, 2003. During this interim period, despite consents entered between the parties, Mrs. Williams failed to meet her obligations with respect to visitation with her daughters.
(Footnote omitted). The record further reflects that the trial court allowed the parties to put forth ample evidence to support their respective arguments. Based *365 on our review of the record, nothing indicates that Mrs. Williams was denied due process.
Finally, Mr. Riels requests that this Court order Mrs. Williams to pay court costs, attorney fees and sanctions. Although Mr. Riels had requested sanctions in pleadings filed in the lower court, the trial court did not award court costs, attorney fees or sanctions in the January 9, 2004 judgment. The record reflects that Mr. Riels neither appealed the judgment pursuant to La. C.C.P. arts. 2083 and 3943 nor answered Mrs. Williams' appeal pursuant to La. C.C.P. art. 2133. Thus, we are precluded from amending the judgment to award him court costs, attorney fees or sanctions.

CONCLUSION
Accordingly, for the reasons stated herein, the January 9, 2004 judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] It is undisputed that Terrance was conceived and born during the parties' marriage. However, Mr. Riels alleged that the conception occurred while his then wife was engaged in an extra-marital affair with Mr. Williams.
[2] See La. C.C.P. arts. 3942 and 3943.